# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JERMAINE PARKS,** | : | |
| Petitioner | : | |
| | : | No. 1:20-cv-437 |
| v. | : | |
| | : | (Judge Rambo) |
| **WARDEN HERMAN QUAY,**[1] | : | |
| Respondent | : | |

## **MEMORANDUM**

On March 17, 2020, *pro se* Petitioner Jermaine Parks ("Petitioner"), who is presently incarcerated at the United States Penitentiary Allenwood in White Deer, Pennsylvania ("USP Allenwood"), initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) In an Order dated April 8, 2020, the Court granted Petitioner leave to proceed *in forma pauperis* and directed Respondent to show cause why Petitioner should not receive the relief he requests. (Doc. No. 6.) Respondent filed his response on April 22, 2020. (Doc. No. 9.) Petitioner has filed neither a traverse nor a motion seeking an extension of time to do so. Accordingly, because the time period for filing a traverse has expired, Petitioner's § 2241 petition is ripe for disposition.

---

[1] Petitioner initially named "Superintendent USP Allenwood" as the Respondent in this matter. Respondent's response indicates that Herman Quay is the current Warden of USP Allenwood. Accordingly, the Court will direct the Clerk of Court to substitute Warden Quay as the sole Respondent in this matter.

I. **BACKGROUND**

On February 2, 2012, Judge Michael M. Baylson of the United States District Court for the Eastern District of Pennsylvania sentenced Petitioner to serve 76 months' imprisonment, followed by three (3) years of supervised release, for committing four (4) counts of bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. No. 9-1 at 17-19.) Petitioner eventually completed his term of incarceration and began his term of supervised release. On October 16, 2018, Judge Baylson found that Petitioner had violated the terms of his supervised release, revoked his release, and imposed a term of 21 months' incarceration. (*Id.* at 23.) Petitioner's projected revocation sentence satisfaction date is June 5, 2020. (*Id.* at 7.)

After exhausting his administrative remedies, Petitioner filed the instant § 2241 petition. In his § 2241 petition, Petitioner asserts that because his original sentence and his revocation sentence "are the same/unilateral sentence," he is entitled to "7 days extra annually" of good time credit pursuant to the First Step Act of 2018. (Doc. No. 1 at 6-7.) Petitioner maintains that he has already received the extra days of good time credit for his 21-month revocation sentence but not for his 76-month original sentence. (*Id.*) Essentially, Petitioner seeks retroactive award of good time credit based upon his original sentence of 76 months.

## II. DISCUSSION

"Section 102(b)(1) of the First Step Act 'amended 18 U.S.C. § 3624(b)(1) to change the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year." *Villafane v. White*, No. 1:19-cv-702, 2019 WL 234075, at *1 (M.D. Pa. June 3, 2019) (quoting *Schmutzler v. Quintana*, No. 5:19-046-DCR, 2019 WL 727794, at *1 (E.D. Ky. Feb. 20, 2019)). Thus, section 3624(b)(1) now states:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during the year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b)(1). Petitioner now asserts that under the First Step Act, he is entitled to have an additional seven (7) days of good time credit per year for his original sentence of 76 months.

Petitioner is correct that, in some sense, his revocation sentence is united with his original sentence. *See Johnson v. United States*, 529 U.S. 694, 701 (2000) (noting, with respect to an *ex post facto* challenge, that "postrevocation penalties relate to the original offense"); *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006) (noting, with respect to a double jeopardy challenge, that "a revocation sentence should be seen as part of the initial sentence, even when the same act

3

triggers multiple revocations"). Courts across the country, however, have flatly rejected the argument that Petitioner now raises. *See Bowling v. Hudgins*, No. 5:19-cv-285, 2020 WL 1918248, at *3-4 (N.D. W. Va. Mar. 16, 2020) (rejecting petitioner's argument that he was entitled to additional credit towards his supervised release sentence under the First Step Act because "[t]o hold otherwise would unjustly enrich the petitioner for new criminal conduct"), *Report and Recommendation adopted*, 2020 WL 1917490 (N.D. W. Va. Apr. 20, 2020); *Beal v. Kallis*, No. 19-cv-3093 (DSD/HB), 2020 WL 822439, at *2 (D. Minn. Jan. 7, 2020) (concluding that "[t]he moment that Beal's prior terms of imprisonment ended was also the moment that Beal became ineligible for additional good-time credit resulting from those terms of imprisonment"), *Report and Recommendation adopted*, 2020 WL 818913 (D. Minn. Feb. 19, 2020); *Barkley v. Dobbs*, No. 1:19-3162-MGL-SVH, 2019 WL 6330744, at *3 (D.S.C. Nov. 12, 2019) (concluding that petitioner's revocation sentence was separate from his original sentence "for the purpose of calculating good-time credit"), *Report and Recommendation adopted*, 2019 WL 6318742 (D.S.C. Nov. 25, 2019); *Jamison v. Warden, Elkton Fed. Corr. Inst.*, No. 1:19-cv-789, 2019 WL 5690710, at *3 (S.D. Ohio Nov. 4, 2019) ("Because petitioner's revocation sentence is separate from his original sentence for purposes of calculating good-time credits, he is not entitled to the good-time credits he would have received on his original 36-month sentence if the First Step Act had been

enacted at the time he was serving that sentence."), *Report and Recommendation adopted*, 2019 WL 6828358 (Dec. 12, 2019); *Kieffer v. Rios*, No. 19-cv-899 (PJS/SER), 2019 WL 3986260, at *1 (D. Minn. Aug. 23, 2019) (rejecting petitioner's argument that the FSA entitled to him to additional good time credit towards his supervised release sentence from his original sentence).

This Court agrees with those courts that have already considered the issue. "Supervised release is imposed as part of the original sentence, but the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005); *see also* 28 C.F.R. § 2.35(b) ("Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release."). The Bureau of Prisons, therefore, "acted properly in declining to apply the [First Step Act's] new good-time-credit calculation to [Petitioner's] term[] of imprisonment that had already concluded before the effective date of the statute." *Beal*, 2020 WL 822439, at *2.

## III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be denied. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: May 18, 2020